IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Curtis Freeman, II, | ) | C/A No.: 5:12-398-TMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Florence County Detention Center; Major Norris; Captain Brunson; Lt. L'Amanda Smith; Nurse Nancy, | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at the Florence County Detention Center. This matter is before the court on Plaintiff's Motion to Transfer filed on July 17, 2012. ECF No. 45. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

Plaintiff's Motion to Transfer asks the court to move him to another holding facility because Plaintiff fears for his safety due to an alleged assault by a security officer at his facility. ECF No. 45. The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 (4th Cir. 1984). There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit

of a correctional institution.  *See Meachum v. Fano,* 427 U.S. 215, 223-24 (1976).  Accordingly, Plaintiff's Motion to Transfer, ECF No. 45, is denied.

      IT IS SO ORDERED.

July 31, 2012                                                   Kaymani D. West
Florence, South Carolina                       United States Magistrate Judge