IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Curtis Freeman, II, ) | C/A No.: 5:12-398-TMC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Florence County Detention Center; Major Norris; ) | |
| Captain Brunson; Lt. L'Amanda Smith; ) | ORDER |
| Nurse Nancy, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at the Florence County Detention Center ("FCDC"). This matter is before the court on Plaintiff's Motion to Transfer, ECF No. 68, and Plaintiff's Motion for Subpoena for Medical Records, ECF No. 65. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

**Plaintiff's Motion to Transfer, ECF No. 68**

Plaintiff's Motion to Transfer asks the court to move him to another holding facility because Defendant Brunson "verbally stated that she 'tampers' with out-going and in-coming mail." ECF No. 68. Plaintiff contends that the court should grant an order to transfer to "protect the integrity of the FCDC staff collectively and independently." *Id.* Defendants filed a response opposing Plaintiff's motion on November 14, 2012, and argue that Plaintiff "has not presented any legal precedence that demonstrates that he is entitled to relief sought" and that Plaintiff has

not demonstrated that he is in any "imminent danger of harm." ECF No. 69. Plaintiff filed a reply to Defendants' opposition on November 21, 2012. ECF No. 70.

The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 (4th Cir. 1984). There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Meachum v. Fano,* 427 U.S. 215, 223-24 (1976). Accordingly, Plaintiff's Motion to Transfer, ECF No. 68, is denied.

**Plaintiff's Motion for Subpoena for Medical Records, ECF No. 65**

Plaintiff's Motion for Subpoena seeks copies of his medical records from third party State Mental Hospital (Just Care). ECF No. 65. Defendants did not file a response to Plaintiff's motion. The court has reviewed Plaintiff's motion for subpoena and observes that Plaintiff's requests are directed to third parties and seek documents or information relevant to the prosecution of Plaintiff's case. The court, therefore, grants Plaintiff's Motion for Subpoena for Medical Records, ECF No. 65. The Clerk of Court is directed to issue a subpoena to Just Care, 7901 Farrow Road, Columbia, South Carolina 29202, for a copy of Plaintiff Richard Curtis Freeman, II's medical records. Plaintiff is advised that he is responsible for ensuring that the subpoena is received by Just Care upon issuance of the subpoena by the Clerk.

IT IS SO ORDERED.

November 27, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

3