UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA


| | | |
|---|---|---|
| Richard Curtis Freeman, II, | ) | C/A No.: 5:12-398-TMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Florence County Detention Center; Major Norris; | ) | |
| Captain Brunson; Lt. L'Amanda Smith; | ) | Report and Recommendation |
| Nurse Nancy, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983,

alleging violations of his constitutional rights while detained at the Florence County Detention

Center ("FCDC"). This matter is before the court on the Motion for Summary Judgment filed by

Defendants on August 30, 2012. ECF No. 51. As Plaintiff is proceeding pro se, the court entered

a *Roseboro*[1] order on August 31, 2012, advising Plaintiff of the importance of such motions and

of the need for him to file an adequate response. ECF No. 52. Plaintiff responded to Defendants'

Motion for Summary Judgment on October 1, 2012, making this motion ripe for consideration.

ECF No. 57. This case was referred to the undersigned United States Magistrate Judge for all

pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local

Rule 73.02(B)(2)(d) and (e), D.S.C. Because this motion is dispositive, a Report and

Recommendation is entered for the court's review.

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

I.    Background

During the time period relevant to his Complaint, Plaintiff Richard Curtis Freeman II was a pre-trial detainee housed at FCDC. ECF No. 1 at 2.  Plaintiff filed his initial Complaint on February 13, 2012.  ECF No. 1.  He submitted an Amended Complaint on April 5, 2012, which the court permitted to be filed and served.  ECF No. 25.  In his Complaints, Plaintiff asserts claims for discrimination, pain and suffering, atypical hardship and harassment.  ECF No. 1 at 2; ECF No. 25.  Specifically, Plaintiff contends that he has been discriminated against "due to his religious practices, Islam," and that he has "written several requests/grievances (many unanswered) and the staff had taken a stance that has been totally unprofessional."  ECF No. 1 at 3.  Plaintiff also argues that he is not permitted to cover himself while using the bathroom and that he is "subjected to this even as there are female CO/s," and in "blatant disregard for [his] religious preference."  *Id.*  Plaintiff complains that he is served "cold and/or unperishable" food and that Defendants have "blatantly disregarded his request for a kosher diet."  *Id.*    Plaintiff alleges that he was locked in his room for three days and not permitted to shower which Plaintiff contends constitutes cruel and unusual punishment.  *Id.*  Plaintiff argues that he has been discriminated against because of his indigent status when he was refused medical treatment for his swollen gums.  *Id.*  Plaintiff contends that he "can hardly eat or sleep at night [and] it causes [him] migraine headaches and acute stress" which has become "an unbearable and atypical hardship."  *Id.*  Plaintiff argues that he has requested legal materials "only to be told [he'd] be charged for such."  *Id.*  Plaintiff alleges that he suffers from post-traumatic stress and he is being denied mental health treatment.  *Id.* at 4.  Plaintiff contends that his "last medical request of late (06.Feb.2012) has been ignored and [he's] still awaiting a response to the grievance (07.Feb.2012)."  *Id.*  Plaintiff further alleges that he has been improperly placed in segregation

on false disciplinary charges.  ECF No. 25. Plaintiff seeks medical attention; damages in the amount of $66 "for each day subject to the condition(s)"; and injunctive relief.  ECF No. 1 at 5.

II.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990).  Nor can the court assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  *See also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986).  The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact."  *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts

immaterial. *Celotex*, 477 U.S. at 322–23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

III.    Analysis

Defendants contend that they are entitled to summary judgment on Plaintiff's claims because he has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). ECF No. 51-1 at 6-8.   Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "'need not meet federal standards', nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739). Further, pretrial detainees, which Plaintiff was at all times relevant to these claims, are required to exhaust administrative remedies. *See* 42 U.S.C.A. 1997e(h) (defining "prisoner" for PLRA purposes as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."); *see also Rutland v. Dewitt*, C/A No. 8:09-13-SB, 2010 WL 288217, *5 & n.1 (D.S.C. Jan. 25, 2010) (applying PLRA to pretrial detainee).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers

before it is haled into federal court[.]"  *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.  Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so properly." *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies.  *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

In support of their Motion for Summary Judgment, Defendants offer the affidavit of Defendant Major Joey Norris who is the Jail Manager for FCDC.  ECF No. 51-2 at 1.  Defendant Norris attests that the FCDC "has an inmate grievance procedure in place that allows the inmates to grieve, to the administration, any issues they have concerning the conditions of their confinement." *Id.* The procedures provide that an inmate must complete a grievance form which "is taken to the appropriate person, depending on what the allegations are in the grievance." *Id.* at 1-2.   The inmate can then appeal the initial findings to the Jail Manager.  *Id.* at 2.  Defendant Norris attests that as Jail Manager he is not aware of any grievances filed by Plaintiff "with respect to the issues alleged in his Complaint concerning his religious preferences, conditions of confinement, access to legal material and medical treatment." *Id.*

Plaintiff disputes that he failed to exhaust his administrative remedies and argues that Defendants "have been negligent in answering the larger portion of those administrative measures (grievances, requests, medical sick call sheet, etc.)." ECF No. 57-1 at 5. Plaintiff contends that although Defendants deny that he has filed grievances, Plaintiff has "a few copies of his own." *Id.* at 5. Plaintiff also argues that Defendants have forged documents that they submitted to the court and that this should be "taken as a strike against their integrity." *Id.* Plaintiff offers a copy of a grievance, purportedly completed on July 13, 2012, concerning an alleged assault by Sgt. Jacob Speight on July 10, 2012. ECF No. 57-3 at 5. However, the face of this grievance does not indicate that it was ever received or processed by FCDC officials. *Id.* Plaintiff also produces a grievance, dated April 5, 2012, in which Plaintiff notes that Defendant Brunson failed to respond to earlier grievances and complains that Defendant Brunson "overturn[ed] charges where officers lied and the like." ECF No. 57-3 at 1. Plaintiff ends his grievance by stating that he "will let the courts deal with it." *Id.*

The undersigned has reviewed the evidence before the court and finds that Plaintiff's general allegations regarding the grievance process are insufficient to overcome the undisputed evidence that he has failed to exhaust his administrative remedies on his claims. *See Pozo,* 286 F.3d at 1024 (holding that an inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983."). In addition, copies of grievances filed after Plaintiff instituted this lawsuit on February 13, 2012 cannot refute Defendants' evidence that Plaintiff did not file any grievances concerning the allegations in his Complaint. *See Anderson.,* 407 F.3d at 677 (finding that exhaustion is a prerequisite to suit that must be completed prior to filing an action). Accordingly, because Plaintiff failed to

exhaust his available administrative remedies before filing this action, the undersigned recommends that Defendants' Motion for Summary Judgment be granted.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 51, be GRANTED.

IT IS SO RECOMMENDED.

March 21, 2013                                    Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**